# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAMONT GORDON, #226-733 | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. GLR-13-1499 |
| FRANK BISHOP, *Warden* | * | |
| Respondent | * | |

## MEMORANDUM

In response to Petitioner's application for a writ of habeas corpus, Respondent has moved to dismiss the Petition as time-barred. ECF No. 3. Petitioner was provided an opportunity to reply (ECF No. 4) and has done so. ECF No. 5. After reviewing these papers, the Court finds no need for an evidentiary hearing. See Local Rule 105.6 (D. Md. 2011). For reasons set forth herein, the Petition will be dismissed with prejudice.

### Procedural History

On June 2, 1997, Petitioner pled guilty in the Circuit Court for Montgomery County to multiple counts of armed robbery, second-degree assault, and carrying a concealed weapon. ECF No. 3, Ex. 1, p. 8; Ex, 2, p. 7; Ex. 3, pp 2-3. On July 18, 1997, he was sentenced to a total of 40 years' incarceration. Id., Ex. 1, pp. 8-9; Ex. 2, p. 8; Ex. 3, p. 4. While an application for leave to appeal was pending, Petitioner filed a motion for modification of his sentence on September 18, 1997. The motion for modification was denied on May 6, 1998.[1] ECF No. 3, Ex. 1, p. 12; Ex. 2, pp 9-11; Ex. 3, pp 5-7. Leave to appeal was denied by the Court of Special Appeals of Maryland in an unreported opinion filed on December 2, 1997. Id., Ex. 1, p. 10; Ex.

---

[1] This motion did not toll the limitations period of § 2244(d). See Tasker v. State, Civil Action No. AW-11-1869, appeal denied, 2013 U.S. App. LEXIS 6833 (No. 13-6219) (4th Cir. April 4, 2013), reh'g denied June 3, 2013.

2, p. 10; Ex. 3, p. 5. Petitioner did not seek certiorari review in the Supreme Court. Thus, the judgments became final on March 2, 1998.

On January 18, 2011, Petitioner filed a petition for post-conviction relief in the Circuit Court. Id., Ex. 1, p. 15, Ex. 2, p. 13; Ex. 3, pp 9-10. On October 31, 2008, the Petition was dismissed as untimely filed. Id., Ex. 1, p. 20, Ex. 2, p. 18, Ex. 3, pp 14-15. Petitioner's Application for Leave to Appeal was denied by the Court of Special Appeals on July 7, 2010.[2] Id., Ex. 1, p. 20, Ex. 2, p. 19, Ex. 3, p. 15.

Nearly three years later, on May 21, 2013, the Clerk received the instant Petition, dated May 14, 2013. Petitioner claims that (1) the trial court did not inform him of the elements of the crimes to which he pled guilty; (2) his plea was not knowing and voluntary; (3) trial counsel was ineffective in failing to properly advise Petitioner regarding the plea; and (4) trial counsel failed "to adhere to Petitioner's agreement that if he pled guilty that [he] would receive no more than a twenty year sentence." Compl. at 3-6, ECF No. 1. Petitioner further argues that the state post-conviction court should not have dismissed his petition on procedural grounds as time-barred. Id., pp. 5-6, 8-0 and ECF No. 5.

A one-year statute of limitations applies to habeas petitions. See 28 U.S.C. § 2244(d)(1). The one-year period begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[3]

Equitable tolling of the limitations period is permitted in limited circumstances. See 28 U.S.C. § 2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000) (one-year

---

[2] The court's mandate issued on August 6, 2010. Id. His motion for reconsideration of the decision was denied as untimely filed. Id., Ex. 4.

[3] See Sup. Ct. Rule 13.1 (petition for writ of certiorari to be filed within 90 days of judgment from which relief is sought).

limitations period subject to equitable tolling); see also Wall v. Kholi, 131 S.Ct. 1278, 1283 (2011) (explaining that the limitation period is tolled during the pendency of pertinent state court action). In order to be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondents contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d at 330 ("[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result.").

Here, the statute of limitations period expired on March 2, 1999, when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired. There was no pending action in the state court that tolled the limitations period. Moreover, nothing in the record suggests that misconduct or some extraordinary circumstance prevented Petitioner from timely seeking post-conviction relief. To the extent delay in initiating post-conviction review might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner has failed to satisfy his burden to demonstrate that equitable tolling is warranted. Accordingly, having failed to meet the statutory period for seeking federal habeas corpus relief, Petitioner's application for a writ of habeas corpus is time-barred.

For the reasons stated herein, the Court will deny and dismiss the Petition. A Certificate of Appealability will not issue because Petitioner has not made a "substantial showing of the denial of a constitutional right."[4]

A separate Order will follow.

December 16, 2013

/s/
_____
George L. Russell, III
United States District Judge

---

[4] When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). Denial of a Certificate of appealability in the district court does not preclude Petitioner from requesting a Certificate of Appealability from the appellate court.